

**U.S. Department of Justice**

**Tax Division**

*Southern Criminal Enforcement Section*
*P.O. Box 972, Ben Franklin Station*                    *202) 514-5145*
*Washington, D.C. 20044*                    *Telefax: (202) 514-0961*

June 1, 2007

**By Facsimile: (202) 638-2900**

G. Allen Dale, Esq.
Law Offices of G. Allen Dale
601 Pennsylvania Avenue, NW
Suite 900
Washington, DC 20004

Re:    **United States v. Robert Jared Carpenter**
       **Cr. No. 07-**

Dear Counsel:

This letter sets forth the full and complete plea offer to your client, Robert Jared Carpenter. This offer is by the Tax Division of the U.S. Department of Justice (the "Office"). The terms of the offer are as follows:

1.    **Charges:** Pursuant to Fed. R. Crim. P. 11(c)(1)(a), Mr. Carpenter agrees to waive his right to a trial and plead guilty to the Information charging violation of Title 26 U.S.C. § 7201, Tax Evasion. It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure.

2.    **Penalties and assessments:** The Information charges Mr. Carpenter with one count of income tax evasion in violation of Title 26, United States Code § 7201 for 2001 through 2003, which carries a maximum sentence of five years' imprisonment; a maximum fine, pursuant to Title 18 United States Code § 3571, of the greatest of $250,000, twice the pecuniary gain derived from the offense, or twice the gross pecuniary loss to the United States; a $100 special assessment; supervised release of up to three years, and the costs of prosecution. Mr. Carpenter agrees that the Court may also impose an order of restitution.

3.    **Agreement:** Pursuant to Fed. R. Crim. P. 11(c)(1)(B) the parties agree that the tax loss in this case is greater than $30,000 and less than $80,000. The parties agree that the Court shall sentence Mr. Carpenter after consideration of the factors contained in 18 U.S.C. § 3553(a), and the Court is obligated to calculate and consider, but is not bound by, the United States Sentencing Guidelines (2004). The government agrees that Mr. Carpenter has demonstrated a recognition and an affirmation of personal responsibility for his criminal conduct, and provided he continues to do so, will be entitled, pursuant to Sentencing Guideline §3E1.1(a), to a two-level reduction in his offense level for acceptance of responsibility.

- 2 -

It is understood that, prior to the date of sentencing, Mr. Carpenter shall pay the Internal Revenue Service ("IRS") taxes due and owing thereon for the calendar years 2001 through 2003 in the amount of $74,241 plus interest. Mr. Carpenter agrees to pay the special assessment of $100 within ten (10) days of sentencing by cashier's check or certified check made payable to Clerk, United States District Court for the District of Columbia. Mr. Carpenter further agrees that his payment of $74,241, plus interest, for his taxes due and owing for 2001 - 2003, as set forth above, does not compromise the IRS's ability to assess and collect civil taxes and penalties, and he will cooperate and assist the IRS in any civil or administrative procedures, and file any and all outstanding U.S. tax returns due from him, and pay outstanding taxes due and owing, on terms as agreed to with the IRS, as a condition of his supervised release.

In consideration of his guilty plea to the above offense, Mr. Carpenter will not be further prosecuted criminally by this Office for any crimes described in Paragraph 2 of this agreement. This agreement does not provide any protection against prosecution except as set forth above.

4.    **Waiver of Rights:**  Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 limit the admissibility of statements made in the course of plea proceedings or plea discussions in both civil and criminal proceedings, if the guilty plea is later withdrawn. Mr. Carpenter expressly warrants that he has discussed these rules with his counsel and understands them. Mr. Carpenter voluntarily waives and gives up the rights enumerated in Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410. Mr. Carpenter understands and agrees that any statements that he makes in the course of his guilty plea or in connection with this plea agreement are admissible against him for any purpose in any criminal or civil proceeding, if the guilty plea is subsequently withdrawn.

Mr. Carpenter waives all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that either (1) Mr. Carpenter's conviction is later vacated for any reason or (2) Mr. Carpenter violates this agreement. Mr. Carpenter agrees that with respect to all charges referred to in the indictment, he is not a "prevailing party" within the meaning of the "Hyde Amendments," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law. Mr. Carpenter further agrees not to file any claims under that law or claims of any other type against the Department of Justice, or any components of the Department, including the U.S. Attorney's Office, or against the Treasury Department or any components of the department, including the IRS, or against any personnel of those departments and component offices or agencies, based on the conduct during the investigation and prosecution of this case.

Mr. Carpenter hereby acknowledges that he is accepting this plea agreement and deciding to plead guilty because he is in fact guilty. By entering this plea of guilty, he waives any and all right to withdraw his plea or to attack his conviction, either on appeal or collaterally, on the ground that the Government has failed to produce any discovery material, Jencks Act material, exculpatory material pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and impeachment

- 3 -

material pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this agreement.

5.      **Restitution**: Mr. Carpenter agrees to pay his taxes due in the amount of $74,241, plus interest prior to sentencing. Mr. Carpenter agrees that the Court may order restitution pursuant to 18 U.S.C. §§ 3663, 3664 and 3583.

6.      **Court is Not Bound:** Mr. Carpenter understands that the Guidelines in this case are advisory, and the Court must consider the guidelines in conjunction with the factors set forth in 18 U.S.C. § 3553. Mr. Carpenter understands that, except as set forth in Paragraph 3, <u>supra</u>, no promises or understandings exist between this Office and Mr. Carpenter with respect to the application of those Guidelines to this case.

It is understood that the sentence to be imposed upon the Mr. Carpenter is determined solely by the Court. This Office cannot, and does not, make any promises or representations as to what sentence the Mr. Carpenter will receive. Moreover, it is understood that Mr. Carpenter will have no right to withdraw his plea of guilty based upon the sentence imposed by the Court.

7.      **Cooperation**: It is understood that the Mr. Carpenter may choose to try to cooperate with law enforcement, and in so doing (a) shall truthfully and completely disclose all information with respect to the activities of himself and others concerning all matters about which this Office inquires of him, which information can be used for any purpose; (b) shall cooperate fully with this Office, and any other law enforcement agency designated by this Office; (c) shall attend all meetings at which this Office requests his presence; (d) shall provide to this Office, upon request, any document, record, or other tangible evidence relating to matters about which this Office or any designated law enforcement agency inquires of him; (e) shall truthfully testify before the grand jury and at any trial and other court proceeding with respect to any matters about which this Office may request his testimony; (f) shall bring to this Office's attention all crimes which he has committed, and all administrative, civil, or criminal proceedings, investigations, or prosecutions in which he has been or is a subject, target, party, or witness; and, (g) shall commit no further crimes whatsoever. Moreover, any assistance Mr. Carpenter may provide to federal criminal investigators shall be pursuant to the specific instructions and control of this Office and designated investigators.

It is understood that the sentence to be imposed upon Mr. Carpenter is within the sole discretion of the Court. This Office cannot, and does not, make any promise or representation as to what sentence Mr. Carpenter will receive, and will not recommend any specific sentence to the Court. However, this Office will inform the Probation Department and the Court of (a) this Agreement; (b) the nature and extent of Mr. Carpenter's activities with respect to this case and all other activities of Mr. Carpenter which this Office deems relevant to sentencing; and (c) the nature and extent of Mr. Carpenter's cooperation with this Office. In so doing, this Office may use any information it deems relevant, including information provided by Mr. Carpenter both

- 4 -

prior to and subsequent to the signing of this Agreement. In addition, if this Office, in its sole discretion, determines that Mr. Carpenter has provided substantial assistance in an investigation or prosecution, and if he has fully complied with the understandings specified in this Agreement, this Office will file a motion, pursuant to Section 5K1.1 of the Sentencing Guidelines, requesting the Court to sentence Mr. Carpenter in light of the factors set forth in Section 5K1.1(a)(1)-(5). It is understood that, even if such a motion is filed, the sentence to be imposed on Mr. Carpenter remains within the sole discretion of the Court. Moreover, nothing in this Agreement limits this Office's right to present any facts and make any arguments relevant to sentencing to the Probation Department and the Court, or to take any position on post-sentencing motions. Mr. Carpenter hereby consents to such adjournments of his sentence as may be requested by this Office.

8.    **Breach of Agreement:** Mr. Carpenter agrees that if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach: (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence (for example, should your client commit any conduct after the date of this agreement – examples of which include but are not limited to, obstruction of justice and false statements to law enforcement agents, the probation office or the Court – the government is free under this agreement to seek an increase in sentencing based on that post-agreement conduct); (b) Mr. Carpenter will not have the right to withdraw the guilty plea; (c) Mr. Carpenter shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Mr. Carpenter, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by it pursuant to this agreement.

In the event of such breach, any such prosecutions of Mr. Carpenter not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be commenced against him in accordance with this paragraph, notwithstanding the running of the applicable statute of limitations in the interval between now and the commencement of such prosecutions. Mr. Carpenter knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

9.    **Complete Agreement:** No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Carpenter, and the Office.

This agreement does not bind any federal, state, or local prosecuting authority

- 5 -

other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving Mr. Carpenter, including, but not limited to, proceedings by the I.R.S.

If the foregoing terms and conditions are satisfactory, Mr. Carpenter may indicate his assent by signing the agreement in the space indicated below and returning the original to the Office once it has been signed by Mr. Carpenter and his counsel.

Date: _June 1, 2007_

BRUCE SALAD
CHIEF, TAX DIVISION
Southern Criminal Enforcement Division

Date: _6-1-07_

KAREN E. KELLY
MARK DALY
SUSAN VRAHORETIS
TRIAL ATTORNEYS
U.S. Department of Justice
Tax Division, Criminal Enforcement Section
601 D Street, N.W.
Washington, D.C. 20530

Date: _6/8/07_

ROBERT JARED CARPENTER
DEFENDANT

On behalf of Mr. Carpenter, I have read this plea agreement and have discussed it with him. Mr. Carpenter does this voluntarily of his own free will, intending to be legally bound. No threats have been made to Mr. Carpenter and he is pleading guilty because Mr. Carpenter is in fact guilty of the offenses identified in paragraph one.

Date: _6-11-07_

G. Allen Dale, Esq.

2497590.11

## ATTACHMENT A

### FACTUAL BASIS FOR THE PLEA OF
### ROBERT JARED CARPENTER

1. The defendant ROBERT JARED CARPENTER is a citizen of the United States and, during the prosecution period, was a resident of Washington D.C.

2. The Council of Republicans for Environmental Advocacy ("CREA") was formally incorporated in Washington, D.C., on September 14, 2000, as an Internal Revenue Code Section 501(c)(4) organization. Since that time, CARPENTER served as the vice president of CREA. CARPENTER's responsibilities included, among other things, overseeing the day-to-day financial management of CREA.

3. Through donations and advocacy, CREA received approximately $723,500 through donations and advocacy work between March 2001 and May 2003. Contributors to CREA included, among others, former lobbyist Jack Abramoff, Native American tribes, via Abramoff, and the former clients of J. Steven Griles.

4. CARPENTER and the President of CREA relied primarily on cash, including ATM transactions, to handle the finances of CREA. As a result, CREA failed to maintain proper financial books and records of its bank and business accounts. This extensive use and reliance on cash by CREA continued throughout the prosecution years of 2001 through 2003, despite admonitions to CREA from CREA's accountants who were engaged to prepare CREA's Forms 990.

5. During the years 2001 through 2003, CREA was operated in such a manner that the personal finances of the officers and the finances of CREA were not properly segregated. In lieu of taking a regular salary, CARPENTER and the other officer of CREA primarily

obtained funds from CREA by directly withdrawing cash from CREA's bank account through ATM and teller transactions. CARPENTER and the other officer of CREA also received checks from CREA.

6. CREA's accountant issued Forms 1099 to CARPENTER and the other officer of CREA in an effort to account for the money the officers withdrew from CREA's bank accounts. The improper issuance of Forms 1099 to report compensation to officers, instead of Forms W-2 and payroll reporting, continued throughout the prosecution years despite the admonitions to CREA from CREA's accountant.

7. For Tax Year 2001, $49,223 in income from CREA was reported to CARPENTER on a Form 1099.

8. On or about April 15, 2002, a request for an extension of time within which to file the U.S. Individual Income Tax Return for 2001 was filed on behalf of CARPENTER, to extend the filing deadline for CARPENTER's 2001 return to August 15, 2002. CARPENTER did not include payment of taxes due and owing with the extension request as required by law.

9. On or about August 15, 2002, CARPENTER willfully failed to timely file a U.S. Individual Income Tax Return, or pay the taxes due and owing of $14,099.

10. For Tax Year 2002, $85,583 in income from CREA was reported to CARPENTER on a Form 1099.

11. On or about April 15, 2003, a request for an extension of time within which to file the U.S. Individual Income Tax Return for 2002 was filed on behalf of CARPENTER, to extend the filing deadline for CARPENTER's 2002 return to August 15, 2003.

2

CARPENTER did not include payment of taxes due and owing with the extension request as required by law.

12. On or about August 15, 2003, CARPENTER willfully failed to timely file a U.S. Individual Income Tax Return, or pay the taxes due and owing of $26,691.

13. For Tax Year 2003, $104,330 in income from CREA was reported to CARPENTER on a Form 1099.

14. On or about April 15, 2004, a request for an extension of time within which to file the U.S. Individual Income Tax Return for 2003 was filed on behalf of CARPENTER, to extend the filing deadline for CARPENTER's 2003 return to August 15, 2004. CARPENTER did not include payment of taxes due and owing with the extension request as required by law.

15. On or about August 15, 2004, a second request for an extension of time within which to file the U.S. Individual Income Tax Return for 2003 was filed on behalf of CARPENTER, to extend the filing deadline for CARPENTER's 2003 return to October 15, 2004. CARPENTER did not include payment of taxes due and owing with the extension request as required by law.

16. On or about October 15, 2004, CARPENTER willfully failed to timely file a U.S. Individual Income Tax Return, or pay the taxes due and owing of $33,451.

17. The total tax loss resulting from CARPENTER's willful evasion of US Individual Income Taxes for the Tax Years 2001 through 2003 is $74,241.

3

The preceding statement is a summary, made for the purposes of providing the Court with a factual basis for my guilty plea to the charge filed in the criminal Information against me. I am competent to make this statement and I do so knowingly and voluntarily and because I am, in fact, guilty of the crime charged. I have discussed this factual basis with my attorney, and I understand that this statement is admissible as evidence against me if I fail to comply with the plea agreement.

FOR ROBERT JARED CARPENTER

6/18/07
Date

_____
ROBERT JARED CARPENTER

10/26/07
Date

_____
G. Allen Dale, Esq.
**Counsel for Robert Jared Carpenter**

4