UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. : 07–CR–00171 (ESH) |
| | : | |
| v. | : | |
| | : | |
| ROBERT JARED CARPENTER | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

Comes now the United States, by and through its undersigned attorneys, and hereby submits this Memorandum in Aid of Sentencing. Defendant Robert Jared Carpenter's offense level under the United States Sentencing Guidelines, after accounting for acceptance of responsibility, is offense level 12 which yields an advisory Guideline range of 10 to 16 months imprisonment. The government requests a sentence within that Guideline range, deferring to the Court as to the appropriate sentence within that range.

1.  BACKGROUND

On July 2, 2007, a one count Information was filed in the United States District Court of the District of Columbia. The Information charged one count of Tax Evasion in violation of Title 26 U.S.C. section 7201. Tax evasion carries a maximum sentence of five years' imprisonment; a maximum fine, pursuant to Title 18 United States Code § 3571, of the greatest of $250,000, twice the pecuniary gain derived from the offense, or twice the gross pecuniary loss to the United States; a $100 special assessment; supervised release of up to three years, and the costs of prosecution. Sentencing is scheduled before the Honorable Ellen S. Huvelle on November 1, 2007.

2.     **STATEMENT OF FACTS**

Robert Jared Carpenter, the defendant, is a citizen of the United States. Beginning in 2001 and continuing through 2004, Carpenter engaged in a pattern of conduct intended to evade the assessment of his individual income taxes.

The Council of Republicans for Environmental Advocacy ("CREA") was formally incorporated in Washington, D.C., on September 14, 2000, as an Internal Revenue Code Section 501(c)(4) organization. Since that time, Carpenter served as the vice president of CREA. Carpenter's responsibilities included, among other things, overseeing the day-to-day financial management of CREA. Through donations and advocacy, CREA received approximately $723,500 through donations and advocacy work between March 2001 and May 2003. Contributors to CREA included, among others, former lobbyist Jack Abramoff, Native American tribes, via Abramoff, and the former clients of J. Steven Griles.

Carpenter and the President of CREA relied primarily on cash, including ATM transactions, to handle the finances of CREA. As a result, CREA failed to maintain proper financial books and records of its bank and business accounts. This extensive use and reliance on cash by CREA continued throughout the prosecution years of 2001 through 2003, despite admonitions to CREA from CREA's accountants who were engaged to prepare CREA's Forms 990. CREA's accountant issued Forms 1099 to Carpenter and the other officer of CREA in an effort to account for the money the officers withdrew from CREA's bank accounts. The improper issuance of Forms 1099 to report compensation to officers, instead of Forms W-2 and payroll reporting, continued throughout the prosecution years despite the admonitions to CREA from CREA's accountant.

For Tax Year 2001, $49,223 in income from CREA was reported to Carpenter on a Form 1099. On or about April 15, 2002, a request for an extension of time within which to file the U.S. Individual Income Tax Return for 2001 was filed on behalf of Carpenter, to extend the filing deadline for his 2001 return to August 15, 2002. Carpenter did not include payment of taxes due and owing with the extension request as required by law. On or about August 15, 2002, Carpenter willfully failed to timely file a U.S. Individual Income Tax Return, or pay the taxes due and owing of $14,099.

For Tax Year 2002, $85,583 in income from CREA was reported to Carpenter on a Form 1099. On or about April 15, 2003, a request for an extension of time within which to file the U.S. Individual Income Tax Return for 2002 was filed on behalf of Carpenter, to extend the filing deadline for his 2002 return to August 15, 2003. Carpenter did not include payment of taxes due and owing with the extension request as required by law. On or about August 15, 2003, Carpenter willfully failed to timely file a U.S. Individual Income Tax Return, or pay the taxes due and owing of $26,691.

For Tax Year 2003, $104,330 in income from CREA was reported to Carpenter on a Form 1099. On or about April 15, 2004, a request for an extension of time within which to file the U.S. Individual Income Tax Return for 2003 was filed on behalf of Carpenter, to extend the filing deadline for his 2003 return to August 15, 2004. Carpenter did not include payment of taxes due and owing with the extension request as required by law. On or about August 15, 2004, a second request for an extension of time within which to file the U.S. Individual Income Tax Return for 2003 was filed on behalf of Carpenter, to extend the filing deadline for his 2003 return to October 15, 2004. Carpenter did not include payment of taxes due and owing with the extension request as required by law. On or about October 15, 2004, Carpenter willfully failed to timely file

a U.S. Individual Income Tax Return, or pay the taxes due and owing of $33,451. The total tax loss as a result of Carpenter's conduct during 2001 through 2003 is $74,241.

3.     **PLEA AGREEMENT**

The plea agreement was entered and accepted by District Court Judge Ellen S. Huvelle pursuant to the terms of Fed. R. Crim. P. 11(c)(1)(B) on July 6, 2007. According to the terms of the Plea Agreement, the tax loss is greater than $30,000 but less than $80,000. The government agreed to a two-level reduction for acceptance of responsibility. Carpenter agreed to pay the outstanding taxes due taxes due and owing thereon for the calendar years 2001 through 2003 in the amount of $74,241 plus interest prior to sentencing. Assuming defendant has complied with the terms of the plea agreement, restitution should not be an issue in this case.[1] If restitution is not paid by the sentencing date, then a restitution order should be entered.

4.     **SENTENCING GUIDELINES COMPUTATION**

The language of the plea agreement states that the Court is obligated to calculate and consider the 2004 version of the United States Sentencing Guidelines. Section 2T1.1 of the Guidelines Manual controls sentencing for tax crimes, and requires that the tax loss resulting from defendant's conduct be computed in order to determine the base offense level by reference to Section 2T4.1 (Tax Table). As set forth above, the tax loss is greater than $30,000 and less than $80,000. According to the plea agreement, the 2004 Sentencing Guidelines dictate an offense level of 14. An agreed two-level reduction to the offense level for acceptance of responsibility brings the offense level to level 12 which results in a sentencing range of 10 to 16 months imprisonment.

---

[1] As part of a condition of supervised release, the Court should order defendant to pay back taxes and comply with all state, federal or local laws. See 18 U.S.C. § 3583(d); U.S.S.G. § 5D1.3(b). See also United States v. Braxtonbrown-Smith, 278 F.3d 1348, 1356 (D.C. Cir.), cert. denied, 536 U.S. 932 (2002); United States v. Hatchett, 918 F.2d 631, 644 (6th Cir. 1990), cert. denied, 501 U.S. 1223 (1991)(collecting cases).

## 5. DISCUSSION

The Court should consider the factors set forth at 18 U.S.C. § 3553 in determining the appropriate sentence in this case.[2] These factors include consideration of the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to reflect the seriousness of the crime and afford adequate deterrence.

The tax system in the United States relies upon the voluntary compliance of each taxpayer to assess and pay their fair share of taxes into the system. The United States tax regime relies on the honor system – the truthful reporting of our citizens. For taxpayers to be motivated to pay their fair share and to be truthful, they need to believe that their neighbors and co-workers are also being truthful and paying their fair share. Taxpayers need to believe that there are substantial consequences for lying on their tax returns and not paying their fair share of taxes. To ensure respect for this voluntary system of compliance, those who do not report and pay their fair share of taxes need to be prosecuted and punished.

Tax-exempt organizations, such as CREA, enjoy special status under the tax code because "[c]harities and other non-profit organizations do a great deal of work to benefit American

---

[2] As this Court is aware, the district court needs to consider the goals of Section 3553 in determining the appropriate sentence, however, the court is not required to specifically refer to each factor listed in § 3553(a). See United States v. Ayers, 428 F.3d 312, 315 (D.C. Cir. 2005). Section 3553(c) provides that the court at the time of sentencing shall state in open court the reasons for its imposition of a particular sentence. Section 3553 specifically sets out the factors to be considered: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective matter; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the . . . offense . . . as set forth in the guidelines . . . (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

communities[.]"³ The tax benefits to a tax exempt organization are subsidized by other taxpayers,⁴ and it is essential that the tax laws affecting donors and tax exempt organizations operate in a manner that benefits the American public.⁵ Officers of these organizations, such as Carpenter and the president of CREA, owe the American public complete transparency in reporting the salaries they earn because tax fraud involving a tax-exempt organization undermines not only tax enforcement but also all legitimate tax exempt organizations and their missions. The Internal Revenue Service noted that since 1979, the tax exempt sector has undergone tremendous growth and has experienced significant change in virtually all aspects of operations, and there are now approximately 1.3 million public charities or other types of non-charitable tax exempt organizations in IRS master files.⁶ One of the significant problems noted by the IRS is the manner in which compensation of officers, employees and others is reported, and the IRS recently released for public comment a significantly redesigned Form 990, Return of an Organization Exempt from Income Tax, in an attempt to increase tax compliance by tax-exempt organizations and their officers.⁷ Senator Charles E. Grassley, Chairman of the United States Senate Committee on Finance also pinpointed tax-exempt organizations' officers' compensation

---

³Senator Max Baucus, quoted in U.S. Senate Committee on Finance Memorandum to Reporters and Editors Re: Redesigned Form 990 for Tax Exempt Organizations (June 14, 2007).

⁴MINORITY STAFF OF SENATE COMM. ON FINANCE, 109th CONGRESS 2d SESSION, S. Prt. 109-68, INVESTIGATION OF JACK ABRAMOFF'S USE OF TAX-EXEMPT ORGANIZATIONS, p. 11 (U.S. Government Printing Office, October 2006).

⁵*Id.*, at p. 9.

⁶Background Paper on Redesigning Draft Form 990, I.R.S. Tax-Exempt & Government Entities Division, Exempt Organizations, pp. 1-2 (June 14, 2007).

⁷*Id.*, pp. 3-4.

as a critical issue for the IRS, and noted that when tax-exempt organizations play "fast and loose games in this area," the mission of non-profits is undermined and it "fosters a public cynicism that's detrimental to all charities as they rely on public support for their non-profit work."[8]

The government accordingly requests that the Court sentence defendant within the sentencing range under the Guidelines, as set forth above, that is 10-16 months under that calculations of plea agreement. United States v. Watson, 476 F.3d 1020, 1023 (D.C. Cir. 2007), citing United States v. Dorcely, 454 F.3d 366, 376 (D.C. Cir. 2006) ("a sentence within a properly calculated Guidelines range is entitled to a rebuttable presumption of reasonableness") ; accord United States v. Rita, 177 Fed. Appx. 357, 358 (4th Cir.), cert. granted, 127 S.Ct. 551 (2006). A Guidelines sentence would help serve the dual purposes of punishment and deterrence. See 18 U.S.C. § 3553(a)(2)(A) & (B).  Moreover, a Guidelines sentence within the appropriate range would help further "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).  As to the appropriate sentence within the Guidelines range, the government defers to the Court.

Finally, the government requests that the Court place defendant on one year supervised release following his release from incarceration.

## CONCLUSION

WHEREFORE, the government respectfully requests that the Court impose a sentence within the applicable Guidelines sentencing range, followed by a period of supervised release, and if applicable, restitution.

---

[8] U.S. Senate Committee on Finance Memorandum to Reporters and Editors Re: Redesigned Form 990 for Tax Exempt Organizations (June 14, 2007).

Respectfully submitted,

RICHARD T. MORRISON
ACTING ASSISTANT ATTORNEY GENERAL
TAX DIVISION

_____
KAREN E. KELLY
Virginia Bar No. 35403
MARK F. DALY
Massachusetts Bar No. 640581
SUSAN H. VRAHORETIS
N.Y. Bar No. 2192110
Trial Attorneys
U.S. Department of Justice
Tax Division
P.O. Box 972
Washington, D.C. 20530
(202) 514-5150
(202) 616-1786

**CERTIFICATE OF SERVICE**

    I, Mark F. Daly, hereby certify that on this 17th day of October, 2007, a true copy of this document was served on counsel for Defendant Robert Jared Carpenter by the CM/ECF system.

_____
Mark F. Daly