UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Criminal Case No.: 1:07-cr-171 |
| v. : | |
| : | The Hon. Ellen Segal Huvelle |
| ROBERT JARED CARPENTER, : | |
| : | Sentencing: November 1, 2007 |
| Defendant. : | |

**DEFENDANT'S SUPPLEMENTAL**
**MEMORANDUM IN AID OF SENTENCING**

The defendant, Robert Jared Carpenter, through undersigned counsel, respectfully submits to the Court the following supplement to his Memorandum in Aid of Sentencing.

On October 22, 2007, Mr. Carpenter, through counsel, submitted his position with regard to sentencing factors and a memorandum in aid of sentencing. As a part of his argument in favor of a sentence that does not include incarceration, Mr. Carpenter outlined the "Nature and Circumstances of the Offense." (See Memorandum at pp. 5-7)  In our argument we alleged that ". . .the only illegality was Mr. Carpenter's failure to pay his personal taxes when they became due." Memorandum at 6.

Mr. Carpenter comes before this Court, as we said numerous times in our original pleading, full of regret, remorse and humiliation for his conduct. He has taken full responsibility for his actions. Because Mr. Carpenter does indeed take full responsibility for his actions we do not wish for the Court to perceive the statement in our original motion as a denial of guilt in any

way. In fact Mr. Carpenter signed the Factual Basis for the Plea, an attachment to the plea offer, in which he admitted the full extent of his conduct, conduct outlined in the government's memorandum in aid of sentencing and the presentence report. This conduct included receiving Forms 1099 and not the proper Form W-2, filing requests for extension of time in which to file his Form 1040, without including payment of taxes, and then failing to timely file his Form 1040, which Form he did not ultimately file until this investigation was initiated.

In short, in our original pleading we attempted (1) to put Mr. Carpenter's conduct in perspective as it relates to others who have appeared before this Court and whom we believe to be far more culpable and more dismissive of the public trust; and (2) to accent the fact that Mr. Carpenter did not distort his salary or claim deductions for which he was not entitled. He should have taken the initiative and directed CREA's accountants to issue W-2's and withhold taxes. He did not. Even though Forms 1099, which provided the accurate payment received by Mr. Carpenter for his work were prepared and issued, they were not filed with the IRS and therefore the IRS was not aware of his earnings until he actually filed his tax returns; and, as Mr. Carpenter readily admits, these tax returns were not timely filed and when filed, albeit untimely, he was unable to enclose the tax payments with the returns.

Mr. Carpenter's actions were wrong and they were illegal and he has accepted responsibility for each and every act alleged. We simply attempted to put his actions in perspective as it relates to others who have appeared before this Court and as it relates to his own tax evasion charge. We believe these observations to be important 3553(a) considerations when considering the appropriate sentence to impose.

                        Respectfully Submitted,


                        _____/s/_____
                        G. Allen Dale    Bar #954537
                        601 Pennsylvania Ave., NW.
                        Suite 900 North Building
                        Washington, DC 20004
                        (202) 638-2900
                        (202) 783-1654 fax
                        gallendale@aol.com